| | |
|---|---|
| Edin GUZMAN<br>322 West Deer Park Road<br>Gaithersburg, MD 20877<br><br>    Plaintiff<br><br>    v.<br><br>Masoud MAHJOUB<br>5915 Ipswich Road<br>Bethesda, MD 20814<br><br>    AND<br><br>SHAAD, LLC<br>5915 Ipswich Road<br>Bethesda, MD 20814<br>SERVE ON:<br>    Masoud MAHJOUB<br>    5915 Ipswich Road<br>    Bethesda, MD 20814<br><br>    Defendants | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND<br><br>CIVIL DOCKET<br><br>CASE NO:<br>_____ |

## COMPLAINT FOR OVERTIME, UNPAID WAGES AND 26 USC § 7434 LIQUIDATED DAMAGES

Plaintiff Edin GUZMAN ("Mr. Guzman") through counsel T. Bruce Godfrey of Jezic & Moyse, LLC, brings this action on behalf of herself against Defendants SHAAD, LLC (SHAAD) and Masoud MAHJOUB (Mahjoub) for willful violations of the United States Fair Labor Standards Act of 1938 (29 USC §201 et seq. "FLSA"), the Maryland Wage and Hour Law (Md. Code Ann. §§ 3-401, 3-415, et al. , "MWHL") and the Maryland Wage Payment and Collection Law (Md. Ann. Code, LE § 3-501 et seq. "MWPCL") for unpaid wages including overtime wages as defined by those laws and, for certain weeks, minimum wage violations under federal or state law.

## JURISDICTION AND VENUE

1. This Honorable Court has non-exclusive subject matter and personal jurisdiction over the subject matter of this Complaint because:

    a. the wrongful acts herein described occurred within Montgomery County, Maryland; and

    b. a federal question presents itself pursuant to 28 USC § 1331.

2. For similar grounds, venue is proper before this Honorable Court.

## PARTIES

3. Mr. Guzman is an adult resident of Montgomery County, Maryland who was, as contemplated under the definition of "employee" under 29 U.S.C. §203(e), employed during times relevant by Defendants as a kitchen employee in Montgomery County, Maryland.

4. Defendant SHAAD, LLC ("SHAAD"), is a Maryland limited liability company formed by Defendant Masoud Mahjoub for the operation of a restaurant. Masoud Mahjoub ("Mahjoub" and, together with SHAAD, "Employer") is and has been an owner and member of MFWY, a real party in economic interest and/or actual economic effect regarding the employment of Mr. Guzman and an "employer" under applicable federal and state wage payment and collection laws and wage and hour laws during all times relevant. SHAAD appears to have lapsed as a Maryland entity; upon information and belief, Mr. Mahjoub has been doing

business as a sole proprietor, but misleadingly under the name of a business entity that lacks the legal capacity to function in Maryland.

## **FACTS**

5. The foregoing paragraphs are incorporated by reference as though fully set forth herein.

6. Employer employed Mr. Guzman from a date more than 3 years before the filing of this Complaint until approximately April 28, 2017 as a non-exempt kitchen employee. During the course of is work, Mr. Guzman performed multiple non-exempt services at the pay rate of, for most weeks, $9 to $11/hour/week base pay for approximately 60 hours per week, often more. At all times relevant, Employer controlled both Mr. Guzman's hours worked and pay received.

7. The estimates contained in this Complaint are good faith estimates; because Employer has not yet provided complete and accurate records of all work time and pay history under its record-keeping obligations under section 3-424 of the Maryland Annotated Code, Labor and Employment article, Mr. Guzman and the undersigned attorney acknowledge the duty of good faith and candor to the tribunal in all representations made herein. It is virtually certain that adjustments of the pleading to conform to the proof will be necessary, to either party's benefit

or detriment. Plaintiff acknowledges that applicable statutes of limitations may provide a defense to part of the claims asserted herein.

8. Mr. Guzman worked most weeks at or in excess of 60 hours from before three years before the date of filing of this Complaint up to the last date of work, September 2, 2016, totaling approximately 153 weeks of employment. This Complaint uses 60 hours per week as an initial good faith estimate.

9. Mr. Guzman's work duties and work time did not fall under any applicable exemption from the requirements of the U.S. Fair Labor Standards Act, the Maryland Wage Payment and Collection Law or Maryland Wage and Hour Act.

10. During times relevant, Employer was a covered employer under both the revenue federal and state wage and hour laws, because *inter alia* Employer performed gross turnover in general excess of $2000.00 per day and therefore in excess of the $400,000 and $500,000 gross revenue floors under applicable provisions of the FLSA and MWHL.

11. Under the FLSA and MWHA, Employer owed and owes Mr. Guzman additional compensation for each hour of work performed in excess of 40 hours per work week (such excess hereinafter "overtime") at the overtime rate of 150% of the regular rate of pay.

12. The regular rate of pay for Mr. Guzman was $9.00 per hour until approximately December 31, 2015, and thereafter $11.00 per hour.

13. Employer regularly paid to Mr. Guzman the regular rate of pay by check for 40 hours' worth of work, but paid cash at the regular rate of pay without paying the additional required "time and a half", nor withholding applicable taxes, matching applicable employment taxes or crediting Mr. Guzman for the applicable earned wages within the Maryland unemployment wage system.

14. Employer issued to Mr. Guzman multiple IRS W-2 forms for tax years 2013, 2014, 2015 and 2016 which contained willfully false underreportings of wages earned, to the prejudice of the Treasury of the United States and, incidentally, of the Comptroller of Maryland.

15. From May 26, 2014 until approximately December 31, 2015, Employer deliberately underpaid Mr. Guzman by $4.50/hour for approximately 20 hours/week of overtime for approximately 82 weeks of gross base pay of $7,380.00, exclusive of interest, exemplary or liquidated damages, costs or legal fees.

16. From January 1 2016 through April 14, 2017, Employer deliberately underpaid Mr. Guzman by approximately $5.50/hour for approximately 20/hours/week of overtime for approximately 59 weeks of gross pay or $6,490.00, exclusive of

interest, exemplary or liquidated damages, costs or legal fees or, together with the damages calculated in the prior paragraph, $13,870.00.

17. For his last two weeks of work in April 2017 totaling 72 hours/week, Mr. Guzman received no valid pay at all from Employer in cash or valid check; accordingly additional unpaid wages lie in the amount of $1936.00 (2 weeks x (($11/hour * 40 hours/week) + ($16.50/hour* 32 hours overtime/week))) or, together with the damages calculated in the prior paragraph, $15.806.00.

18. The failures and refusals of the Defendants to pay required wages as required by U.S. law and Maryland law have been willful by deliberate scheme and without good faith excuse.

19. The MWPCL allows for a treble damages remedy to a worker whose wages remain unpaid to her for longer than 14 days beyond their wage payment due date; accordingly statutory exemplary treble damages for unpaid wages to Mr. Guzman lie against Employer in the estimated amount of $47,418.00

20. The FLSA and MWHA provide for a liquidated double damages remedy to workers owed unpaid overtime wages; accordingly under those statutes, base and liquidated damages lie in the estimated amount of $31,612.00.

21. All statutes referenced herein provide for a reasonable attorney fee award, interest and court costs, and an award for attorney's fees, costs and interest lies in this case as well.

22. Mr. Guzman's last date of employment was on or about April 28, 2017 accordingly more than 14 days have passed since the due date of the last paycheck for Mr. Guzman.

**COUNT I**
**VIOLATION OF FEDERAL FAIR LABOR STANDARDS ACT**
**OVERTIME WAGES EARNED BUT NOT PAID**

23. Mr. Guzman incorporates by reference all preceding paragraphs of this Complaint.

24. Defendants employed Mr. Guzman from before May 25, 2014 until approximately April 28, 2017.

25. Defendants paid to Mr. Guzman the regular wage of $9/hour to $11/hour for 151 weeks estimated within the statute of limitations in this matter, but failed to compensate him properly as required by the FLSA for overtime work and pay as defined herein and under that law at the rate of 150% of the agreed pay rate.

26. As a result of Defendants' failure to pay overtime wages pursuant to the Fair Labor Standards Act, Mr. Guzman stands aggrieved of unpaid overtime wages in the estimated base amount of $15,806.00 as calculated above, exclusive of liquidated damages, interest, costs, and attorney's fees.

27. Liquidated damages lie in the amount of double the unpaid wages under the Fair Labor Standards Act.

28. Defendants' conduct was willful and therefore the three-year statute of limitations under the Fair Labor Standards Act for willfulness should apply.

WHEREFORE Mr. Guzman respectfully requests that this Honorable Court award him a judgment against Defendants jointly and severally in the amount of $15,806.00 in unpaid overtime wages per current estimate, an additional amount of liquidated double damages pursuant to federal law totaling $31,612.00, applicable interest, costs and attorneys' fees in an amount to be demonstrated pursuant to law and applicable rule.

## COUNT II
## MARYLAND WAGE AND HOUR LAW
## OVERTIME WAGES EARNED BUT NOT PAID

29. Mr. Guzman incorporates by reference all preceding paragraphs of this Complaint.

30. Defendants employed Mr. Guzman from before May 25, 2014 until April 28, 2017 in non-exempt duties as defined under the Fair Labor Standards Act and applicable Maryland law.

31. Defendants paid to Mr. Guzman the regular wage of $9/hour to $11.00 but failed to pay required "overtime" wages for work exceeding 40 hours per week pursuant to Maryland law at the rate of 150% of the regular pay rate.

32. Mr. Guzman worked approximately 60 hours per week for approximately 153 out of the 157 weeks lying fully or partially within the three years preceding the filing of this Complaint.

33. As a result of Defendants' failure to pay overtime wages pursuant to the Maryland Wage and Hour Law, Md. Code Ann. LE section 3-401 *et seq.* Mr. Guzman stands aggrieved of his unpaid overtime in the base amount of $15806.00, exclusive of liquidated damages, interest, costs, and attorney's fees.

34. Liquidated double damages lie in the additional amount of $15,806.00.

WHEREFORE Mr. Guzman respectfully requests that this Honorable Court award him a judgment against Defendants jointly and severally in the amount of $31,612.00 in unpaid overtime wages, applicable interest, costs and attorneys' fees in an amount to be demonstrated pursuant to law and applicable rule.

**COUNT III**
**WAGE PAYMENT AND COLLECTION ACT VIOLATION**
**Md. Ann. Code, Labor and Employment Article, §3-507.2**

35. Mr. Guzman incorporates by reference all preceding paragraphs of this Complaint.

36. Defendants employed MR. GUZMAN from before May 2014 in non-exempt duties as defined under the Fair Labor Standards Act and Maryland Wage and Hour Law.

37. Defendants paid to Mr. Guzman the regular weekly wage of $9-$11/hour gross pay for 40 hours per week, but failed to pay overtime properly for work exceeding 40 hours per week under the aforementioned laws.

38. Mr. Guzman worked approximately 60 hours per week for approximately 153 out of the 157 weeks lying fully or partially within the three years preceding the filing of this Complaint.

39. Defendants failed to pay to Mr. Guzman unpaid overtime wages in the base amount of approximately $15,806.00, exclusive of exemplary damages, costs, interest or attorneys' fees, as calculated above.

40. Maryland law provides for a treble damages remedy to workers for unpaid wages under the aforementioned Maryland Wage Payment and Collection Act when the non-payment is not the result of a good faith dispute; this law is applicable to unpaid overtime wages as well.

41. No good faith excuse exists for the failure to pay wages as required by the applicable federal and Maryland overtime laws; accordingly a treble damages remedy is fully justified and lawful.

WHEREFORE Mr. Guzman respectfully requests that this Honorable Court enter a judgment against Defendants in an amount in excess of $47,418.00 for unpaid wages and statutory treble damages, plus interest, costs and attorneys' fees as authorized by statute or rule.

## COUNT IV
## TAX FRAUD LIQUIDATED DAMAGES
## 26 USC § 7434

42. Mr. Guzman incorporates all prior paragraphs of this Complaint as if herein reinstated.
43. Defendants issued to Mr. Guzman forms W-2 for tax years 2013, 2014, 2015 and 2016.
44. Each aforementioned tax form was issued fraudulently by the deliberate omissions of regularly paid cash wages.
45. Damages lie in favor of Mr. Guzman against Defendants in the greater of $5,000.00 in liquidated damages or, actual damages including the costs of compliance and correction of deficiencies.
46. Counsel for Plaintiff undersigned shall comply with 26 USC § 7434(d) by mailing the required copy of this Complaint to the Commissioner of Internal Revenue upon the filing of this Complaint.

WHEREFORE Plaintiff respectfully requests that this Honorable Court:

    a.    award him liquidated damages jointly and severally against Defendants in the amount of $20,000.00 or, should he show greater damages, the greater sum, plus interest, court costs and attorneys' fees; and

    b.    determine the amounts that Defendants should have entered on each form W-2, pursuant to 26 USC 7434(e).

## **JURY TRIAL DEMAND**

Mr. Guzman respectfully demands a trial by jury on all matters triable by a jury under applicable law and rules.

Respectfully submitted,

/s/

_____
T. Bruce Godfrey #24596
Jezic & Moyse, LLC
2730 University Boulevard West #604
Wheaton, MD 20902
(240) 292-7200
fax 1-240-292-7225
godfrey@jezicfirm.com