IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| EDIN GUZMAN, | * | |
|---|---|---|
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:17-cv-01591-PX |
| MASOUD MAHJOUB, *et al.*, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Pending before the Court is Plaintiff Edin Guzman's motion for default judgment. ECF No. 21. Defendants Masoud Mahjoub, Matthew Mahjoub and SHAAD, LLC (collectively, "Defendants") have not responded, and the time for doing so has passed. *See* Loc. R. 105.2. Pursuant to Local Rule 105.6, a hearing is not necessary. For the following reasons, Plaintiff's motion for default judgment is GRANTED IN PART and DENIED IN PART.

**I.   BACKGROUND**

Masoud Mahjoub and his son Matthew Mahjoub are the "owners and members" of SHAAD, LLC, a Maryland limited liability company formed "for the operation of a restaurant," Matt's House of Kabob. ECF No. 11 ¶ 4; *see also* ECF No. 21-2 ¶ 2. Plaintiff Edin Guzman worked at Defendants' restaurant as a "non-exempt kitchen employee" for several years until April 28, 2017.[1] ECF No. 11 ¶ 7.

During his employment, Guzman estimates he worked 60 hours or more each week.[2] *Id.* Guzman earned $9 per hour until approximately December 31, 2015, when his pay increased to

---

[1] The Court observes that April 28, 2017 appears to be Guzman's final day of employment with Defendants, as referenced throughout the pleadings. *See* ECF No. 21-2 ¶ 1; ECF No. 11 ¶¶ 7, 23, 25, 31. The Court uses this date, recognizing at least one reference to the contrary. *See* ECF No. 11 ¶ 9.

[2] Guzman acknowledges in the Amended Complaint that all allegations are "good faith estimates" because Defendants have not "provided complete and accurate records of all work time and pay history." ECF No. 11 ¶ 8.

$11 per hour. *Id.* ¶ 13. Guzman avers that Defendants paid him by check for 40 hours of regular pay per week, but paid Guzman in cash for any overtime work. *Id.* ¶ 14. Rather than the requisite "time and a half" pay for overtime, Defendants continued to pay Guzman at the base hourly rate for work exceeding 40 hours. *Id.* As a result, Guzman asserts that he was deprived of full compensation for overtime work throughout his employment. *Id.* ¶¶ 16–17. Moreover, for the last two weeks of his work at the restaurant in April of 2017, Guzman asserts he was not paid at all. *Id.* ¶ 18.

Guzman filed suit against Masoud Mahjoub and SHAAD, LLC on June 9, 2017. *See* ECF No. 1. After the Defendants were properly served and failed to respond, Guzman moved for entry of default, which the Clerk entered on December 12, 2017. *See* ECF Nos 3, 10. On August 30, 2017, Matthew Mahjoub informed the Court in writing that "the correct action would be for the lawsuit to be against me . . . since I am the owner of Shaad LLC." ECF No. 6. Guzman amended his Complaint to include Defendant Matthew Mahjoub. *See* ECF No. 11. After Matthew Mahjoub was served and failed to timely respond, Guzman moved for Clerk's entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, which was entered on October 24, 2018. *See* ECF Nos. 17, 18.

Now Guzman moves for Default Judgment under Rule 55(b) for the Defendants' violations of the Fair Labor Standards Act ("FLSA"); the Maryland Wage and Hour Law ("MWHL"); and the Maryland Wage Payment and Collection Law ("MWPCL").[3] ECF No. 11

---

[3] Count IV of the Amended Complaint asserts that Defendants committed tax fraud, pursuant to 26 U.S.C. § 7434, by misrepresenting Guzman's income to the Internal Revenue Service through incorrect W-2 forms. ECF No. 11 ¶¶ 43–47. Guzman makes no mention of this claim in his motion for default judgment and only seeks damages for Counts I through III, suggesting that he does not intend to pursue Count IV. *See* ECF No. 21 ¶ 25. Further, even if Guzman had moved for default judgment as to Count IV, the claim fails as a matter of law. Because the claim sounds in fraud, it is subject to the heightened pleading requirements announced in Rule 9(b) of the Federal Rules of Civil Procedure. *See Bolling v. PP&G Inc.*, No. WDQ-15-911, 2015 WL 9255330, at *6–7 (D. Md. Dec. 17, 2015). Guzman's conclusory allegation that his W-2 forms "contained willfully false" underreporting of his wages is insufficient. *See, e.g., Ramos v. Rals Subway Nova LLC*, No. RBD-18-1223, 2018 WL 4914022, at

2

¶¶ 29, 35, 42. As relief, Guzman asks this Court to award damages for unpaid regular and overtime wages, enhanced damages, and attorneys' fees and costs under the three statutes. ECF No. 21 ¶¶ 29, 35, 42.

## II. STANDARD OF REVIEW

Rule 55 governs default judgments which must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Court may then enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Although courts maintain "a strong policy that cases be decided on the merits." *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), the Court may exercise its discretion in granting default judgment when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

When considering the propriety of default judgment, the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."). The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in the context of default judgments. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). A complaint that avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," is insufficient to award default

---

\*5 (D. Md. Oct. 10, 2018) (allowing tax fraud claim where plaintiff pled defendants issued fraudulent W-2s to conceal an unauthorized use of plaintiff's payroll deductions). Count IV is therefore dismissed without prejudice.

3

judgment. *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g., Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

If the complaint avers sufficient facts from which the court may find liability, the Court next turns to damages. *See Ryan*, 253 F.3d at 780–81. Damages are circumscribed by that which is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The damages request must be supported by evidence introduced either at a hearing or by affidavit or other records. *See* Fed. R. Civ. P. 54(c); *Lawbaugh,* 359 F. Supp. 2d at 422.

## III. DISCUSSION

### A. Liability

Guzman avers that Defendants are liable, jointly and severally, under the FLSA, MWHL, and MWPCL. A necessary precondition to establishing liability under all three statutes is showing that an employment relationship existed between the parties. *See Coles v. Von Paris Enterprises, Inc.*, No. PJM 14–450, 2014 WL 6893861, at *3 (D. Md. Dec. 3, 2014). Whether an individual or entity is an "employer" within the meaning of the FLSA, MWHL, and MWPCL is determined by applying the "economic reality" test. *See Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006); *Rollins v. Rollins Trucking, LLC*, No. JKB-15-3312, 2016 WL 81510, at *2–4 (D. Md. Jan. 7, 2016) (applying "economic reality" test to claims arising under MWHL and MWPCL); *Campusano v. Lusitano Constr. LLC*, 208 Md. App. 29, 38 (2012).

An "employer" is one who (1) has the authority to hire and fire employees; (2) supervises and controls work schedules or employment conditions; (3) determines the rate and method of payment; and (4) maintains employment records. *Jacobson v. Comcast Corp.*, 740 F. Supp. 2d

683, 689 (D. Md. 2010). Under this test, no one factor is dispositive, and courts should consider the totality of the circumstances. *Id.* Importantly, as to the FLSA and MWHL, "'employers' may be held jointly and severally liable for employees' unpaid wages." *Ford v. Karpathoes, Inc.*, No. ELH-14-00824, 2014 WL 6621997, at *4 (D. Md. Nov. 20, 2014).

Taking the facts pleaded as true and most favorably to Guzman, the Amended Complaint demonstrates that Defendants Matthew Mahjoub and SHAAD, LLC are "employers" under the federal and state laws at issue. Masoud Mahjoub, on the other hand, is not Guzman's employer. The Amended Complaint identifies Matthew Mahjoub as the "proper owner of SHAAD, LLC," which trades as Matt's House of Kabob. ECF No. 21 ¶ 13. Matthew Mahjoub also confirmed his ownership status to the Court in writing. *See* ECF No. 6. Guzman's affidavit further identifies Matthew Mahjoub to be his "boss at all times," controlling his work schedule, rate of pay, job duties, and serving as "a custodian of [Guzman's] employment records." ECF No. 21-2 ¶ 2, 4, 5. Accordingly, both SHAAD, LLC and Matthew Mahjoub are proper "employers." *See Iraheta v. Lam Yuen, LLC*, No. DKC 12-1426, 2012 WL 5995689, at *4 (D. Md. Nov. 29, 2012) (finding individual owners of a limited liability company that operated a bakery, as well as the LLC, "employers" under FLSA, MWHL, and MWPCL).

In contrast, Guzman notes that he is unaware of the extent to which Masoud Mahjoub was involved in any of the relevant employment activities. While Guzman's Amended Complaint continues to name Masoud Mahjoub as a Defendant, Guzman also concedes that he cannot demonstrate Masoud "exerted the same economic and administrative grip on the activities of the restaurant" as Matthew Mahjoub. ECF No. 21 ¶¶ 3, 17. Applying the "economic reality" test, Guzman has not pleaded allegations sufficient to establish that Masoud was his

"employer."[4] Guzman has only established an employment relationship with Matthew Mahjoub and SHAAD, LLC.

### 1. FLSA and MWHL (Counts I and II)

The FLSA and MWHL require employers to pay non-exempt employees minimum wage for all hours worked, and overtime pay of at least one and one-half times the regular wage for hours worked in excess of 40 hours per week. 29 U.S.C. §§ 206(a), 207(a); Md. Code Ann., Lab. & Empl. §§ 3-413(b), 3-415(a). Guzman alleges that, although he consistently worked over 40 hours in a week, the Defendants failed to pay him at the required overtime rate. ECF No. 11 ¶¶ 26, 32. Guzman further avers that Defendants did not pay him at all for his last two weeks of work in April 2017.[5] *Id.* ¶ 18. Accepting the allegations in the Amended Complaint as true, Guzman has plausibly alleged that Defendants denied him overtime and regular wages in violation of the FLSA and MWHL. Thus, default judgment is appropriate as to these claims.

### 2. MWPCL (Count III)

The MWPCL also provides an employee with a cause of action against an employer to recover unpaid wages if two weeks "have elapsed from the date on which the employer is required to have paid the wages." Md. Code Ann., Lab. & Empl. § 3-507.2(a). The MWPCL "does not focus on 'the amount of wages payable but rather the duty to pay whatever wages are due on a regular basis and to pay all that is due following termination of the employment.'" *Gregori v. Mkt. St. Mgmt., LLC*, No. ELH-16-3853, 2018 WL 4679734, at *5 (D. Md. Sept. 28,

---

[4] Because the Amended Complaint fails to aver plausibly that Masoud Majoud was Guzman's employer, the Court dismisses all claims as to this Defendant.

[5] Although Plaintiff's Amended Complaint is not a model of clarity, and Counts I and II appear to only include overtime wage claims, the Court construes the Amended Complaint as preserving a claim for regular wages as to the final two weeks of his employment and will treat the unpaid regular wages of $1,936.00 as part of the damages requested under Counts I and II. *See* ECF No. 11 ¶¶ 18, 27. While Plaintiff inexplicably alleges three weeks of unpaid work in his motion for default judgment (ECF No. 21 ¶ 11), the facts taken as true support unpaid wages for only two weeks.

2018) (quoting *Friolo v. Frankel*, 373 Md. 501, 513 (2003)). Guzman has alleged unpaid overtime wages throughout his employment and unpaid wages for his final two weeks. Accepting such facts as true, default judgment is appropriate for the MWPCL claims.

### B. Damages

Once the scope of liability is established, the Court must next determine damages. "The court does not accept as true the factual allegations of the plaintiff relating to damages, but must instead make an independent determination." *Mata v. G.O. Contractors Grp., Ltd.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015). In doing so, the Court "may rely on affidavits or other evidentiary documents in the record to determine the amount of damages." *Quiroz v. Wilhelm Commercial Builders, Inc.*, No. WGC–10–2016, 2011 WL 5826677, at *2 (D. Md. Nov. 17, 2011). "The Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Lopez v. Lawns 'R' Us*, No. DKC–07–2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008); *see also Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108 (4th Cir. 1988) (It is not necessary that a plaintiff "prove each hour of overtime work with unerring accuracy or certainty."). However, the plaintiff must produce evidence which establishes "the hours he claims to have worked and the work he claims to have performed for which he was not paid." *McLaughlin v. Murphy*, 436 F. Supp. 2d 732, 737 (D. Md. 2005).

Guzman seeks three categories of damages: unpaid wages, enhanced damages, and attorneys' fees and costs. The Court considers each in turn.

### 1. Unpaid Wages

Guzman estimates that he is entitled to $13,870 in overtime compensation and an additional $1,936 for regular and overtime pay during his final two weeks of employment,

totaling $15,806 in unpaid wages. In his sworn affidavit, Guzman attests that he worked 60 hours per week for 82 weeks without proper overtime compensation between May 2014 and December 2015, at a base rate of $9 per hour. ECF No. 21-2 ¶ 7. Guzman further estimates working 60 hours per week for 59 weeks at a rate of $11 per hour between January 2016 and April 7, 2017 without proper overtime compensation. *Id.* ¶ 8. Guzman avers that he was paid at the regular rate for all of these overtime hours, rather than the appropriate time and a half rate. Multiplying 20 hours per week by the relevant number of weeks and overtime rate, and subtracting the amount already paid for these overtime hours, Guzman correctly calculated $13,870 in unpaid overtime compensation.

In the Amended Complaint, Guzman further alleges two weeks of work totaling 72 hours per week, where he was not paid at all. ECF No. 11 ¶ 18. Although Guzman attests to three weeks of unpaid work in his sworn affidavit (ECF No. 21-2 ¶ 9), the Court notes Federal Rule of Civil Procedure 54(c)'s mandate that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Where, as here, "a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount." *Mata*, 2015 WL 6674650, at *3 (citing *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000)). Thus, the Court confines Guzman's damages to two weeks of unpaid wages or $1,936 for the final two weeks of his employment. Accordingly, the Court awards Guzman $15,806 total in unpaid regular and overtime wages.

### 2. Enhanced Damages

Guzman further seeks both liquidated damages under the FLSA and treble damages under the MWPCL. Under the FLSA, a plaintiff may receive both unpaid wages and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). If an employer withholds wages in

violation of the MWPCL "and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage." Md. Code Ann., Lab. & Empl. § 3-507.2(b). In this Court, however, it is well established that a plaintiff is "entitled to recover liquidated damages under the FLSA or treble damages under the [MWPCL], but not both." *Quiroz*, 2011 WL 5826677, at *3. Because Defendants have played no role in this case, they have failed to generate any bona fide dispute on the merits of Guzmans claims. Plaintiff similarly has provided no evidence of consequential damages due to Defendants' violations. Accordingly, the Court awards an additional $15,806 in liquidated damages under the FLSA, but declines to award treble damages under the MWPCL. *See Villatoro v. CTS & Assocs., Inc.*, No. DKC 14-1978, 2016 WL 2348003, at *3 (D. Md. May 4, 2016) (awarding FLSA double damages, but not MWPCL treble damages, where plaintiffs "provided no evidence of any consequential damages").

### 3. Attorneys' Fees and Costs

Finally, Guzman seeks attorneys' fees and costs (ECF No. 11 ¶¶ 29, 35, 42), which are recoverable under the three statutes at issue. *See* 29 U.S.C. § 216(b) (FLSA), Md. Code Ann., Lab. & Empl. § 3–427(a)(3) (MWHL); Md. Code Ann., Lab. & Empl. § 3–507.2(b) (MWPCL). Although Guzman has not provided any information with which to calculate reasonable attorneys' fees and costs, he states that an amount will be "substantiated by a fee petition." ECF No. 21 ¶ 25(k). The Court grants Guzman 14 days to file a petition for attorneys' fees and costs that conforms with this Court's Local Rules. *See* Loc. R. 109.2.b; App'x B.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted in part and denied in part. Plaintiff is entitled to unpaid wages in the amount of $15,806 and liquidated

damages under the FLSA for $15,806, totaling $31,612. Plaintiff's counsel may petition the

Court for attorneys' fees and costs within fourteen (14) days from the date of this Order.


__5/23/2019_____                    _____/S/_____
Date                                                Paula Xinis
                                                    United States District Judge